UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SUMEET BATRA, on behalf of himself and all others similarly situated, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3:16-CV-2874-B |
| RLS SUPERMARKETS LLC, | § § § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant RLS Supermarkets LLC's (RLS) Motion to Dismiss. Doc. 13. For the reasons that follow, the Court **GRANTS** Defendant's Motion.

## I.

## BACKGROUND[1]

This case is based on Defendant's alleged violations of the Fair and Accurate Credit Transactions Act (FACTA). The provision of FACTA at issue governs the "truncation" of credit card and debit card numbers. *See* 15 U.S.C. § 1681c(g). Specifically, the statute provides the following:

> [N]o person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction.

15 U.S.C. § 1681c(g)(1).

---

[1] The Court draws its factual account from Plaintiff's Class Action Complaint and Jury Demand [hereinafter Pl.'s Compl.] (Doc. 1) as well as from the briefing on the Motion before the Court today. Any contested facts will be noted as such.

Plaintiff brings the suit as a putative class action. Plaintiff's sole allegation is that he, and other putative class members, received receipts from Defendant that had the following information printed on them: (1) the expiration date of their credit or debit cards; (2) the last four digits of their credit or debit card numbers; and (3) the brand of the credit or debit card. Doc. 1, Pl.'s Compl. ¶¶ 3, 31. Plaintiff asserts that printing this information amounted to Defendant willfully violating FACTA. *Id.* ¶ 46.

The Complaint is otherwise devoid of specific factual allegations concerning Plaintiff's interaction with Defendant's stores or any of the consequences that stemmed from the prohibited information being printed on Plaintiff's receipt. Instead, Plaintiff's Complaint focuses on FACTA's purpose of combating "rampant identify theft." *Id.* ¶¶ 4–6.

In October 2016, Plaintiff filed his Complaint seeking statutory damages for Defendant's alleged violations. *Id.* Defendant then filed its Motion to Dismiss under both Federal Rule of Civil Procedure 12(b)(1), asserting that Plaintiff lacks Article III standing to pursue his claim, and Rule 12(b)(6), asserting thtat Plaintiff failed to state a claim. Doc. 13, Def.'s Mot. to Dismiss. Plaintiff filed a Response (Doc. 17), and Defendant filed a Reply (Doc. 20). Therefore the Motion is ripe for the Court's review.

## II.

## LEGAL STANDARD[2]

"'Federal courts are courts of limited jurisdiction.'" *MacKenzie v. Castro*, No. 3:15-cv-0752-D,

---

[2]While Defendant's Motion to Dismiss relies on both Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), because the Court's decision rests solely on Rule 12(b)(1), it need not provide the legal standard for Rule 12(b)(6).

2016 WL 3906084, at *2 (N.D. Tex. July 19, 2016) (quoting *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998)). For that reason, they can adjudicate claims only when subject matter jurisdiction "is expressly conferred by the Constitution and federal statute. Federal Rule of Civil Procedure 12(b)(1) provides the vehicle through which" a party may challenge that jurisdiction. *Armstrong v. Tygart*, 886 F. Supp. 2d 572, 584 (W.D. Tex. 2012) (internal citations omitted). "Standing is an issue of subject matter jurisdiction, and thus can be contested by a Rule 12(b)(1) motion to dismiss." *Little v. Tex. Attorney* Gen., No. 3:14-cv-3089-D, 2015 WL 5613321, at *2 n.5 (N.D. Tex. Sept. 24, 2015) (citing *Lee v. Verizon Commc'ns Inc.*, 954 F. Supp. 2d 486, 496 (N.D. Tex. 2013)).

"A Rule 12(b)(1) motion can mount either a facial or factual challenge." *MacKenzie*, 2016 WL 3906084, at *2. A facial challenge occurs "when a party files a Rule 12(b)(1) motion without including evidence." *Id.* A factual challenge, by contrast, occurs when a party supports its Rule 12(b)(1) motion with evidence. *Id.*

In both cases, the burden of proof "'is on the party asserting jurisdiction.'" *Id.* (quoting *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam)). So Plaintiff must prove jurisdiction exists. Yet that is no high bar: "'[I]t is extremely difficult to dismiss a claim for lack of subject matter jurisdiction.'" *Santerre v. AGIP Petrol. Co.*, 45 F. Supp. 2d 558, 566 (S.D. Tex. 1999) (quoting *Garcia v. Copenhaver, Bell & Assocs.*, 104 F.3d 1256, 1260 (11th Cir. 1997)).

When a party makes a Rule 12(b)(1) motion without including evidence, the challenge to subject matter jurisdiction is facial. *Hunter v. Branch Banking and Trust Co.*, No. 3:12-cv-2437-D, 2013 WL 607151, at *2 (N.D. Tex. Feb. 19, 2013) (citing *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981)). Here, Defendant merely filed its Rule 12(b)(1) motion without any additional

evidence, so it is considered a facial attack. Thus, the Court may consider just "the allegations in the complaint because they are presumed to be true." *Paterson*, 644 F.2d at 523. And if they sufficiently allege a claim for recovery, then the complaint stands and the court must entertain the suit. *Id.*

## III.

## ANALYSIS

*A.   FACTA's Truncation Requirements*

As stated above, this suit concerns alleged violations of 15 U.S.C. § 1681c(g), a provision of the Fair Credit Reporting Act (FCRA) as amended by FACTA. The purpose of FACTA is to combat the "increasing threat of identity theft." *Meyers v. Nicolet Rest. of De Pere, LLC*, 843 F.3d 724, 725 n.2 (7th Cir. 2016). The provision of FACTA at issue governs the "truncation" of credit card and debit card numbers. *See* 15 U.S.C. § 1681c(g). Specifically, § 1681c(g) provides:

> [N]o person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction.

15 U.S.C. § 1681c(g).

Here, Plaintiff asserts that Defendant improperly gave him and other putative class members receipts with the following information printed on them: (1) the expiration date of their credit or debit cards; (2) the last four digits of their credit or debit card numbers; and (3) the brand of the credit or debit card. Doc. 1, Pl.'s Compl. ¶¶ 3, 31. As is apparent from the language of the statute, printing only four digits of a credit or debit card number is not a violation. 15 U.S.C. § 1681c(g). Furthermore, the statute does not consider whether printing the brand name of a credit or debit card is prohibited. *Id.* Therefore, it appears that the only alleged action that is conceivably in violation of § 1681c(g) is Defendant printing credit or debit cards' expiration dates on receipts. Furthermore,

Plaintiff focuses his argument on the expiration dates, so the Court do the same.

Plaintiff alleges that Defendant acted willfully in violating § 1681c(g). For willful violations of the statute, a plaintiff may recover either actual damages or statutory damages. 15 U.S.C. § 1681n(a)(1)(A). In the case of statutory damages, a plaintiff may recover "not less than $100 and not more than $1,000." *Id.* Here, Plaintiff seeks to recover only statutory damages.

B.   *Article III Standing: Concrete Injury Requirement*

Defendant's Motion to Dismiss asserts that Plaintiff lacks standing to bring his claim under FACTA because he did not plead a concrete injury. Doc. 13, Def.'s Mot. to Dismiss 1. Article III of the Constitution limits federal court jurisdiction to actual "Cases" and "Controversies." U.S. Const. art. III, § 2, cl. 1. Where a court lacks the constitutional power to adjudicate a case, it must dismiss it for lack of subject matter jurisdiction. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). The party invoking federal jurisdiction, not the party moving for dismissal, bears the burden of establishing subject matter jurisdiction. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1991); *In re Eckstein Marine Serv.*, 672 F.3d 310, 314 (5th Cir. 2012).

"The justiciability doctrines of standing, mootness, political question, and ripeness all originate in Article III's case or controversy language." *Choice Inc. v. Greenstein*, 691 F.3d 710, 715 (5th Cir. 2012) (internal quotation marks omitted). For standing, a plaintiff must "demonstrate a 'personal stake' in the suit." *Camreta v. Greene*, 563 U.S. 692, 701 (2011) (quoting *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009)).

The Supreme Court has determined that the "irreducible constitutional minimum" of standing consists of three elements. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). To establish standing, a plaintiff must have

(1) "suffered an injury in fact"; (2) "that is fairly traceable to the challenged conduct of the defendant"; and (3) "that is likely to be redressed by a favorable judicial decision." *Id.* (citing *Lujan*, 504 U.S. at 560–61). At the pleading stage, the plaintiff must clearly allege facts demonstrating each element. *Spokeo*, 136 S. Ct. At 1547.

Here, the dispute over Plaintiff's standing concerns the first element—whether Plaintiff suffered an injury in fact. *See Lujan*, 504 U.S. at 560. To establish injury in fact, "a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo*, 136 S. Ct. at 1548 (citing *Lujan*, 504 U.S. at 560). Defendant specifically argues that Plaintiff failed to plead a concrete injury. Doc. 13, Def.'s Mot. to Dismiss 1. Thus, Plaintiff's standing turns on whether he has sufficiently alleged a concrete injury.

"A 'concrete' injury must be '*de facto*'; that is, it must actually exist." *Spokeo*, 136 S.Ct. at 1548 (citing Black's Law Dictionary 479 (9th ed. 2009)). That said, the injury can be an intangible one that Congress identifies and elevates to the status of a concrete injury. *Id.* at 1549. But Congress's "role in identifying and elevating intangible harms does not mean that a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." *Id.* Therefore, "Article III standing requires a concrete injury even in the context of a statutory violation." *Id.* A plaintiff may not "allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III." *Id.* (citing *Summers v. Earth Island Inst.*, 555 U.S. 488, 496 (2009)).

The Supreme Court noted, however, that there are some instances where "the violation of a procedural right granted by statute can be sufficient . . . to constitute injury in fact. In other words,

a plaintiff in such a case need not allege any *additional* harm beyond the one Congress has identified." *Id.* (citing *Fed. Election Comm'n v. Akins*, 524 U.S. 11, 20–25 (1998)). In these limited circumstances, "[t]he violation of a procedural right granted by statute *can* be sufficient . . . to constitute an injury in fact." *Landrum v. Blackbird Ent., LLC*, 214 F. Supp. 3d 566, 570 (S.D. Tex. 2016) (quoting *id.* at 1549).

C.      *A Violation of 15 U.S.C. §1681c(g) Constitutes a Bare Procedural Violation*

Plaintiff argues that simply alleging a violation of § 1681c(g) is enough to allege a concrete injury. Doc. 17, Pl.'s Resp. 2. In other words, Plaintiff believes this statute is one where Congress intended the statutory violation to constitute a concrete injury without any additional showing of harm.[3] Plaintiff also argues that the violation constitutes an invasion of privacy, which can often provide the basis for a lawsuit, so the violation, alone, creates a concrete injury. Doc. 17, Pl.'s Resp.

---

[3] In support of this point, Plaintiff also attaches a brief filed by the United States in a 2007 case from the Central District of California. Doc. 17-1, Ex. 1, Brief of the United States in Support of 15 U.S.C. § 1681c(g). Plaintiff requests that the Court take judicial notice of Exhibit 1 under Federal Rule of Evidence 201. Doc. 17-1, Pl.'s Req. for Judicial Notice, Ex. 1. "The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Requests for judicial notice of amicus briefs have been construed as "an implicit attempt to extend [a party's] page limits without leave." *Fox Television Stations, Inc. v. Barry Driller Content Sys., PLC*, 915 F. Supp. 2d 1138, 1142 (C.D. Cal. 2012). But some courts "have taken judicial notice of amicus briefs that relate to the matters at issue." *In re Yahoo Mail Litig.*, 7 F. Supp. 3d 1016, 1025 (N.D. Cal 2014). And "as the brief is not a 'fact,' legal or adjudicative, but only legal argument, Fed R. Evid. 201 is not a bar." *Nat. Res. Def. Council v. Sw. Marine, Inc.*, 39 F. Supp. 2d 1235, 1236 n.1 (S.D. Cal. 1999). In the absence of any objection by Defendant, the Court will take judicial notice of the amicus brief.

The Court, however, does not find the brief persuasive. First, the majority of the brief is dedicated to arguing that the requirements of FACTA do not violate the First Amendment. *See* Doc. 17-1, Ex. 1, Brief of the United States in Support of 15 U.S.C. § 1681c(g), at 7–21. Here, there is no First Amendment argument at issue. Second, the brief focuses on why Congress chose to limit both the credit card digits and the expiration date from being printed on a receipt. *Id.* at 5–7, 13–20. This is a different issue from what is before the Court today. The parties do not dispute that a merchant must remove both the majority of credit card digits as well as the expiration date from the receipt. The issue is whether simply printing the expiration date creates an injury in fact sufficient to confer standing on a plaintiff.

15.

Defendant disagrees and argues that Plaintiff's allegations amount to a bare procedural violation, divorced from any concrete harm. Doc. 14, Def.'s Mem. Supp. Mot. to Dismiss 4 [hereinafter Def.'s Br.]. Defendant relies on the Credit Card and Debit Card Receipt Clarification Act of 2007, Pub. L. No. 110–241 § 2(a), 122 Stat. 1565, 1565 (2008) [hereinafter Clarification Act]. In the Clarification Act, Congress stated that a potential "fraudster" is prevented from perpetrating identify theft or credit card fraud so long as the credit or debit card digits are properly truncated, regardless of whether the expiration date is included. Doc. 14, Def.'s Br. 5 (citing Clarification Act, § 2(a)(6), 122 Stat. at 1565). Defendant asserts that this language indicates that Congress does not believe that printing an expiration date on a receipt causes any harm. Doc. 14, Def.'s Br. 5.

The Court agrees with Defendant and finds that a violation of 15 U.S.C. § 1681c(g) is not one where the violation, alone, constitutes a concrete injury. *See Crupar-Weinmann v. Paris Baguette Am., Inc.*, 861 F.3d 76, 77 (2d Cir. 2017) (finding that printing the expiration date on a receipt constitutes a "bare procedural violation"); M*eyers*, 843 F.3d at 727 n.2 ("But whether the right is characterized as 'substantive' or 'procedural,' its violation must be accompanied by an injury-in-fact. A violation of a statute that causes no harm does not trigger a federal case."); *Kamal v. J. Crew Grp., Inc.*, No. 2:15-cv-0190 (WJM), 2017 WL 2587617, at *4 (D.N.J. June 14, 2017) ("While Congress undoubtedly hoped that FACTA would reduce identity theft, it does not follow that Congress contemplated private actions by individuals who have not sustained any actual harm."); *Katz v. Donna Karan Int'l, Inc.*, No. 14 Civ. 740 (PAC), 2017 WL 2191605, at *4 (S.D.N.Y. May 17, 2017) ("[T]he substantive 'truncation right' alleged by Plaintiff is irreconcilable with . . . *Spokeo*'s holding

that not all statutory violations confer Article III standing."); *Stelmachers v. Verifone Sys., Inc.*, No. 5:14-cv-04912-DJD, 2016 WL 6835084, at *3 (N.D. Cal. Nov. 21, 2016) (finding that printing more than five digits of a credit card number on a receipt was a bare procedural violation, requiring an additional showing of concrete harm); *Thompson v. Rally House of Kan. City, Inc.*, No. 15-00886-cv-W-GAF, 2016 WL 8136658, at *5 (W.D. Mo. Oct. 6, 2016) (determining that printing ten digits of a credit card number on a receipt was a bare procedural violation, requiring an additional showing of concrete or actual harm).[4]

And Plaintiff's additional argument that he suffered an invasion of privacy and therefore alleged a concrete injury also fails. "While FACTA as a whole may implicate traditional privacy interests, Plaintiff's alleged injury does not." *Kamal*, 2016 WL 6133827, at *4 (citing *Braitberg*, 836 F.3d at 930 ("Although there is a common law tradition of lawsuits for invasion of privacy, the retention of information lawfully obtained, without further disclosure, traditionally has not provided

---

[4]The Court notes that there are several courts that agree with Plaintiff. These courts have found that alleging a violation of 15 U.S.C. § 1681c(g) is sufficient to allege a concrete injury. *See Wood v. J. Choo USA, Inc.*, 201 F. Supp. 3d 1332, 1340 (S.D. Fla. 2016) (finding that an additional showing of concrete harm was unnecessary because the plaintiff "suffered a concrete harm as soon as [the defendant] printed the offending receipt"); *Guarisma v. Microsoft Corp.*, 209 F. Supp. 3d 1261, 1266 (S.D. Fla. 2016) (finding an alleged violation of FACTA constituted a concrete injury in and of itself because "congress desired to create a substantive legal right" to obtain a receipt without more than five digits of a credit card number as "FACTA arose form a desire to prevent identity theft"); *Altman v. White House Black Mkt, Inc.*, No. 1:15-cv-2451-SCJ, 2016 WL 3946780, at *5 (N.D. Ga. July 13, 2016) (determining that "Congress has provided [the plaintiff] with a substantive right to receive a truncated credit card receipt" and that the alleged violation was sufficient to show a concrete injury). These cases, though, appear to rely, in part, on *Hammer v. Sam's E., Inc.*, 754 F.3d 492 (8th Cir. 2013), a case *Spokeo* superseded. *See Wood*, 201 F. Supp. 3d at 1337; *Guarisma*, 209 F. Supp. 3d at 1266; *Altman*, 2016 WL 3946780, at *3. *Hammer* rests on the view that "the actual-injury requirement may be satisfied *solely* by the invasion of a legal right that Congress *created*." *Hammer*, 754 F.3d at 499. But in *Spokeo*, the Supreme Court rejected this "absolute view and superseded [8th Circuit] precedent in *Hammer*." *Braitberg v. Charter Commc'ns, Inc.*, 836 F.3d 925, 930 (8th Cir. 2016). At bottom, the Court is not persuaded by the district courts upon which Plaintiff relies. An alleged violation of 15 U.S.C. § 1681c(g), without an additional showing of harm, is insufficient to establish a concrete injury.

the basis for a lawsuit in American courts.")). Having determined that Defendant's alleged violation of FACTA constitutes a bare procedural violation, the Court can now turn to its analysis of whether Plaintiff pled a concrete injury.

D. *Plaintiff Did Not Suffer a Concrete Injury*

Defendant argues that Plaintiff failed to plead a concrete injury because Plaintiff suffered no increased risk of identity theft by Defendant's alleged printing of his credit or debit cards' expiration dates. Doc. 14, Def.'s Br. 5–6. In alleging a concrete injury, a plaintiff need not allege that harm has actually happened; a "risk of real harm" can satisfy the requirement of concreteness. *Spokeo*, 136 S. Ct. at 1549. Here, Plaintiff does not allege that he or any putative class member have actually suffered harm. Instead, Plaintiff alleges that Defendant harmed him and the putative class "by exposing them to at least an increased risk of identity theft and credit and or debit card fraud." Doc. 1, Pl.'s Compl. ¶ 45. Therefore "the key inquiry here is whether [Plaintiff's] alleged bare procedural violation—printing [Plaintiff's] credit card expiration date on [his] receipt—presents a material risk of harm to the underlying concrete interest Congress sought to protect in passing FACTA." *Crupar-Weinmann*, 861 F.3d at 81.

As discussed above, Defendant relies on the Clarification Act to argue that Congress does not believe that merely printing the expiration date of a credit or debit card on a receipt causes any concrete harm. Doc. 14, Def.'s Br. 5 (citing Clarification Act, Pub. L. No. 110–241 § 2(a), 122 Stat. at 1565). The Clarification Act emphasized that FACTA's purpose "is to ensure that consumers suffering from any actual harm to their credit or identity are protected while simultaneously limiting abusive lawsuits that do not protect consumers but only result in increased cost to business and potentially increased prices to consumers." Pub. L. No. 110–241 § 2(b), 122 Stat. at 1566. And

Congress specifically addressed printing expiration dates on receipts:

> Experts in the field agree that proper truncation of the card number, by itself as required by the amendment made by the Fair and Accurate Credit Transactions Act, regardless of the inclusion of the expiration date, prevents a potential fraudster from perpetrating identity theft or credit card fraud.

Clarification Act, Pub. L. No. 110–241 § 2(a)(6), 122 Stat. at 1565.

Plaintiff argues that the Clarification Act is irrelevant because its purpose was to grant temporary immunity to merchants who were still printing the expiration date on receipts. Doc. 17, Pl.'s Resp. 5 (citing *Bateman v. Am. Multi-Cinema, Inc.*, 623 F.3d 708, 717 (9th Cir. 2010)). Congress granted merchants immunity from statutory damages only, and the immunity expired on June 3, 2008, after which merchants had to comply with the statute's requirements. *Bateman*, 623 F. 3d at 717. Plaintiff thus reasons that any guidance the Clarification Act may have offered expired in 2008. Doc. 17, Pl.'s Resp. 5. And if Congress wanted to allow merchants to print a credit or debit card's expiration date on receipts indefinitely, Plaintiff argues, then it would have amended § 1681c(g). *Id.*

Plaintiff misses the point of Defendant's argument. Defendant does not rely on the Clarification Act to argue that it has no obligation to eliminate expiration dates from receipts. There is no dispute that printing credit or debit cards' expiration dates on receipts violates § 1681c(g). But as discussed above, this provision is not one in which a violation alone constitutes a concrete injury. So the issue before the Court is whether Plaintiff has alleged a material risk of harm in light of Defendant's alleged violation.

Defendant relies on *Clapper v. Amnesty Int'l, USA*, 568 U.S. 398 (2013) to argue that any risk of harm stemming from Defendant's alleged violation is simply speculative and subject to many contingencies. Doc. 14, Def.'s Br. 6–7. Specifically, Defendant argues that for identity theft to occur

based on information printed on a receipt, Plaintiff would have to lose the receipt, someone would have to find it, that individual would have to know how to use that information to defraud, and that individual would then have to defraud Plaintiff or steal his identity. *Id.* at 7. This "speculative chain of possibilities," according to Defendant, is too attenuated to constitute a material risk of harm sufficient to establish a concrete injury. *Id.* at 8 (quoting *Clapper*, 568 U.S. at 414).

Plaintiff rejects Defendant's reliance on *Clapper* by arguing that FACTA provides a plaintiff with a substantive right where a violation of that right alone creates a concrete injury. Doc. 17, Pl.'s Resp. 12. Therefore, according to Plaintiff, *Clapper* is inapplicable. *Id.* Plaintiff essentially stakes his entire standing argument on FACTA's grant of a substantive right to receive a compliant receipt. As discussed above, however, a violation of FACTA alone does not confer standing. An additional showing of harm is necessary.

Ultimately, Plaintiff fails to plead an appreciable risk of harm stemming from Defendant's alleged violation. First, the Clarification Act "makes clear that Congress *did not* think that the inclusion of a credit card expiration date on a receipt increases the risk of material harm of identity theft." *Crupar-Weinmann*, 861 F.3d at 81.

Second, "it is hard to imagine how the expiration date's presence could have increased the risk that [Plaintiff's] identity would be compromised." *Meyers*, 843 F.3d at 727. Plaintiff does not allege that he lost the receipt or that someone else saw the receipt, so it is unlikely that simply receiving a receipt with his own credit or debit cards' expiration date created a material risk of harm. *See Spokeo*, 136 S. Ct. at 1550 ("It is difficult to imagine how the dissemination of an incorrect zip code, without more, could work any concrete harm."). And to the extent that Plaintiff asserts that he suffered a concrete injury through an invasion of privacy, that argument fails because there is no

indication that Defendant released the information or that any third party saw the information. *See Braitberg*, 836 F.3d at 930 (finding that without the allegation that information was disclosed to a third party or that a third party accessed personal information, the plaintiff did not allege an injury in fact with regard to a privacy violation).

Third, the Fifth Circuit has made a similar finding in light of *Spokeo* in the context of The Employee Retirement Income Security Act (ERISA). *See Lee v. Verizon Commc'ns, Inc.*, 837 F.3d 523, 530 (5th Cir. 2016) ("A bare allegation of improper defined-benefit-plan management under ERISA, without concomitant allegations that any defined benefits are even potentially at risk, does not meet the dictates of Article III.").

Finally, the Court's conclusion that Plaintiff's allegations do not amount to a material risk of harm is in line with the vast majority of other district courts. *See Cooper v. Roti Rest.*, LLC, No. 17-cv-935, 2017 WL 3130755, at *1, 3 (N.D. Ill. July 24, 2017) (finding the sole allegation that a defendant printed ten digits of a credit card insufficient to establish standing); *Kamal*, 2017 WL 2587617, at *5 (finding a plaintiff who received a receipt with ten digits of his credit card did not suffer an increased risk of harm in light of his allegations that "dumpster divers" could find the receipt or that "sophisticated criminals" might figure out the remaining digits); *Katz*, 2017 WL 2191605, at *2, 5 (finding that a plaintiff failed to show a risk of harm where the sole allegation was that the plaintiff received two receipts with ten digits of the plaintiff's credit card number); *Hendrick v. Aramark Corp.*, No. 16-4069, 2017 WL 1397241, at *5 (E.D. Pa. Apr. 18, 2017) (finding plaintiff failed to allege an actual injury where he pled only that receiving a receipt with ten digits of his credit card number subjected him to an increased risk of harm); *Weinstein v. Intermountain Healthcare, Inc.*, No. 2:16-cv-00280-DN, 2017 WL 1233829, at *4 (D. Utah Apr. 3, 2017) (finding that the sole

allegation that a defendant printed the expiration date of the plaintiff's credit card on a receipt, without any other facts indicating a risk of harm, was insufficient to maintain standing); *Paci v. Costco Wholesale Corp.*, No. 16-cv-0094, 2017 WL 1196918, at *3 (N.D. Ill. Mar. 30, 2017) (finding the allegation of harm—that a plaintiff had to take steps to ensure that her receipt with ten credit card digits was stored in a safe place—was insufficient to establish standing).

In sum, Plaintiff failed to plead an injury in fact because he failed to show a concrete harm or a material risk of harm apart from Defendant's alleged bare statutory violation. Simply alleging that a defendant failed to truncate a credit card's expiration date is insufficient to confer Article III standing. *See Crupar-Weinmann*, 861 F.3d at 82.

## IV.

## CONCLUSION

For the reasons discussed above, the Court concludes that Plaintiff suffered no concrete injury and therefore lacks standing. Thus, the Court lacks subject matter jurisdiction over this case.[5] "Because the only named [p]laintiff lacks standing, the [C]ourt need not further address issues related to the class nature of this action." *Landrum*, 2124 F. Supp. 3d at 573 (citing *Dallas Gay Alliance v. Dallas Cty. Hosp. Dist.*, 719 F. Supp. 1380, 1384–85 (N.D. Tex. 1989)). Accordingly, the Court **GRANTS** Defendant's Motion to Dismiss. Doc. 13. And so, the Court **DISMISSES without prejudice**[6] Plaintiff's claims against Defendant.

---

[5] As the Court's decision rests solely on Federal Rule of Civil Procedure 12(b)(1), it need not reach Defendant's arguments on Rule 12(b)(6).

[6] The Court's dismissal is "for lack of subject matter jurisdiction (standing); therefore, it is without prejudice." *Sepulvado v. La. Bd. of Pardons & Parole*, 114 F. App'x 620, 622 (5th Cir. 2004); *see also Alviar v. Lillard*, 854 F.3d 286, 292 (5th Cir. 2017) ("Because the court lacks subject matter jurisdiction over Lillard, the claims against Lillard must be dismissed without prejudice.").

SO ORDERED.

SIGNED: August 9, 2017.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE